IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CATALYST STRATEGIC ADVISORS, LLC, § § § *Plaintiff*, § § v. § § Civil Action No. 4:21−cv−02905 THREE DIAMOND CAPITAL SBC, LLC § F/K/A CONTRACTORS BUILDING § SUPPLY CO., LLC (D/B/A CBS RENTAL § AND SUPPLY) AND CHARLES JASON § HERIN, § § *Defendants*. § | |

**RESPONSE OF PLAINTIFF IN OPPOSITION TO 12(B)(6) MOTION TO DISMISS OF DEFENDANT CHARLES JASON HERIN**

Plaintiff, Catalyst Strategic Advisors, LLC ("Plaintiff"), files this Response in Opposition to Defendant Herin's ("Herin") Motion to Dismiss under 12(B)(6) (the "Motion"). Plaintiff respectfully states as follows:

**I.   SUMMARY OF THE ARGUMENT**

As pled in the Original Complaint, Defendants Herin and CBS acted together in entering into, and in breaching, a contract with Plaintiff. While Herin's Motion implies that Plaintiff failed to plead Herin's status as a party to the contract, the allegations in the Original Complaint are more than sufficient on this point. Indeed, the Original Complaint alleges that Herin executed the contract and that Herin is individually liable under the contract. Taking these facts as true (as is required), Plaintiff met its pleading burden and the Court should deny Defendant Herin's Motion.

## II.    NATURE OF THE CASE AND STAGE OF THE PROCEEDINGS

In September of 2021, Plaintiff filed its Original Complaint alleging that Herin and his company, CBS, failed to pay a fee rightfully earned under the terms of the parties' agreement. Plaintiff entered into several agreements with CBS and Herin. Under the most recent agreement, executed in mid-2019, Plaintiff provided advisory and consulting services, and in exchange, CBS and Herin promised to pay a completion fee if CBS were successfully acquired by a third-party. After Plaintiff performed extensive advisory and consulting services, Herin, while simultaneously applauding Plaintiff's work, terminated the agreement. Herin subsequently capitalized on Plaintiff's hard work by selling CBS to a third-party. Upon the closing of this sale, Herin and CBS were required to promptly pay Plaintiff a completion fee. But, Herin and CBS refused to pay the fee. Plaintiff's Original Complaint asserts a claim for breach of contract against both Herin and CBS because Plaintiff's counter-parties in the agreement included not only Defendant CBS, but also Defendant Herin.[1]

In response to Plaintiff's Original Complaint, Herin promptly filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff failed to plead facts sufficient to allow the Court to draw a reasonable inference that Defendant Herin is liable for the breach of contract.

## III.    STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

The Court is now tasked with evaluating whether Plaintiff's Original Complaint adequately states a claim for breach of contract upon which relief can be granted against Defendant Herin. In light of the applicable pleading standards, and given the general preference to avoid early

---

[1] In the agreement, CBS is defined as the "Client," which also includes its "respective affiliates (which may also include subsidiaries, successors and assigns, directors, principals, officers, members, employees, partners, agents, advisors and shareholders)."

dismissals under Federal Rule of Civil Procedure 12(b)(6), Plaintiff has clearly met its pleading burden.

Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *Kaiser Alum. & Chem. Slas. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). To survive dismissal, Plaintiff's Original Complaint need only "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, Plaintiff's "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that [it] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Borneo Energy Sendirian Berhad v. Sustainable Power Corp.*, 646 F.Supp.2d 860, 864 (S.D. Tex. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007)).

In making this assessment, the Court must accept as true all well-pleaded facts contained in Plaintiff's Original Complaint and view them in the light most favorable to Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court does not look beyond the face of the pleadings in determining whether Plaintiff has stated a claim. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Plaintiff's claim survives Herin's attack under Rule 12(b)(6) because it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. In other words, Plaintiff's claim may not be dismissed based solely on the Court's supposition that it is unlikely "to find evidentiary support for [its] allegations or prove [its] claim to the satisfaction of the factfinder." *Id.* at 563 n.8. Applying this standard, Plaintiff has sufficiently pled a claim for relief against Defendant Herin and the Motion should be denied.

## IV.   ARGUMENT & AUTHORITIES

**A.   Plaintiff sufficiently pled its claim against Herin.**

Under Texas law, which applies in this case, the elements of a claim for breach of contract are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach." *NuVasive, Inc. v. Renaissance Surgical Center North, L.P.*, 853 F. Supp. 2d 654, 660 (S.D. Tex. 2012) (*quoting B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Plaintiff sufficiently pled each element of its breach of contract claim against Herin. First, the Original Complaint identifies and attaches as an exhibit the contract executed by Herin, who is clearly a party to the agreement because he is included within the term "Client," Plaintiff's counter-party on the contract. This fact is clearly alleged in paragraph 10 of the Original Complaint and is enough to satisfy the pleading requirements for the first element of Plaintiff's breach of contract claim against Herin. Second, in paragraphs 18 through 20 of the Original Complaint, Plaintiff articulated its performance under the contract by outlining the various consulting and advisory services provided, satisfying the pleading requirements for the second element of its claim. Third, Plaintiff described how both CBS and Herin breached the contract by failing to tender the fee rightfully earned by Plaintiff, sufficiently pleading the third element of its claim. And finally, Plaintiff alleged that it has suffered damages due to both CBS's and Herin's breaches. Plaintiff therefore pled, with requisite specificity, each of element of its breach of contract claim against Herin.

In his Motion, Defendant Herin asserts that Plaintiff failed to state a cognizable breach of contract claim because he was "not a party to the contract." But this claim is contradicted by the

4

language in paragraph 10 of the Original Complaint. Indeed, the fact that Defendants have refused to pay Plaintiff's completion fee is one of the very reasons that the agreement defines "Client" broadly to include Defendant Herin. While Herin's argument appears to be based on the notion that the Original Complaint fails to tell the "whole story" of the relationship between Plaintiff, CBS, and Herin, the additional factual allegations found in the Motion, but not found in the Original Complaint, are not appropriately considered on a 12(b)(6) motion. *See, e.g., Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 257 (5th Cir. 2005) ("We agree with the plaintiffs that the defendants' argument is fact-based and is therefore insufficient to support a motion to dismiss."); *Nichelson v. United Dominion Realty Tr.*, 152 F. App'x 421, 422 (5th Cir. 2005) (noting that courts must limit their inquiry to facts stated in complaint for purposes of resolving Rule 12(b)(6) motions). Plaintiff met its pleading burden and the Motion should be denied.

**B.      In the alternative, the Court should permit Plaintiff leave to amend.**

If the Court determines that Plaintiff has not sufficiently pled facts to support its claim against Herin, it should grant Plaintiff leave to plead additional facts. Specifically, if deemed necessary by the Court, Plaintiff seeks leave to incorporate additional allegations showing that Herin agreed to be bound by the contract.

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Freuler v. Parker*, 803 F. Supp. 2d 630, 635 (S.D. Tex. 2011), aff'd, 517 Fed. Appx. 227 (5th Cir. 2013); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (stating leave to amend should be freely given and an outright refusal

5

to amend without justification may be considered an abuse of discretion). Further, courts generally prefer granting leave as opposed to outright dismissal. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (Rule 15(a) "evinces a bias in favor of granting leave to amend").

Plaintiff has not previously amended its Original Complaint, and given that case law supports leave to amend, the Court should permit Plaintiff to amend its Original Complaint. Thus, if the Court determines that there are any pleading deficiencies in the Original Complaint, Plaintiff requests that it be permitted leave to amend under Federal Rule of Civil Procedure 15(a) and to file its First Amended Complaint.

## V.   CONCLUSION

WHEREFORE, Plaintiff, Catalyst Strategic Advisors, respectfully requests that this Court: (1) deny Defendant Herin's Motion to Dismiss, and (2) grant Plaintiff such other and further relief to which it may be justly entitled.

Respectfully submitted,

**HAYNES AND BOONE, LLP**

/s/ *Michael J. Mazzone*
Michael J. Mazzone
Fed Id No. 4267
State Bar No. 13313000
michael.mazzone@haynesboone.com
1221 McKinney, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2115
Facsimile: (713) 236-5662

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, CATALYST STRATEGIC ADVISORS, LLC**

OF COUNSEL:

HAYNES AND BOONE, LLP
Ryan Patrick
Fed Id No 3006419
State Bar No. 24049274
Julia Peebles
State Bar No. 24096131
Fed Id No. 3350745
1221 McKinney, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2053
ryan.patrick@haynesboone.com
julia.peebles@haynesboone.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on the following counsel via ECF, in accordance with the Federal Rules of Civil Procedure on this 3rd day of December 2021:

    Michael D. Ellis
    Federal Bar No. 2311196
    Texas Bar No. 24081586
    mellis@stibbsco.com
    Adam R. Fracht
    Federal Bar No. 903485
    Texas Bar No. 24047245
    afracht@stibbsco.com
    Stibbs & Co, PC, Attorneys
    819 Crossbridge Dr.
    Spring, Texas 77381
    Telephone: 281-367-2222
    Facsimile: 281-681-2330

*Counsel for Defendant Charles Jason Herin*

    /s/ *Michael J. Mazzone*
    Michael J. Mazzone

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CATALYST STRATEGIC ADVISORS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> THREE DIAMOND CAPITAL SBC, LLC F/K/A CONTRACTORS BUILDING SUPPLY CO., LLC (D/B/A CBS RENTAL AND SUPPLY) AND CHARLES JASON HERIN, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § Civil Action No. 4:21−cv−02905 |

**ORDER DENYING MOTION OF DEFENDANT HERIN TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

On this day, the Court considered Defendant Charles Jason Herin's ("Herin") Motion to Dismiss ("Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the response filed by Plaintiff, Catalyst Strategic Advisors, LLC ("Plaintiff"), and the argument of counsel, if any. Based on the pleadings and the argument of counsel, the Court finds that Herin's Motion should be **DENIED** in whole. Accordingly, the Court orders as follows:

Herin's Motion to Dismiss is **DENIED**. The Court finds that Plaintiff has pled facts sufficient to state a claim for breach of contract against Herin.

SIGNED this _____ day of _____, 2021.

_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE